The opinion of the Court was delivered by
Nott, J.
The act above mentioned does require a person of this description, bringing an action in his own name, to style himself an assignee ; 1 Brev. Dig. 90; 2 Faust, 215; [1] and the defendant may require Mm to pursue that form, or take the advantage of his error in not doing so ; but he may waive that advantage if he pleases, or he may lose it by laches. If he intended to take the exception, he should have availed himself of the first opportunity that occurred to do so. He had entered an appearance; he was then called upon to plead to the declaration, which pointed out to him the variance.[2] He might then have put in such plea as he supposed would bring the question properly before the Court; but he neglected to do so, and permitted the plaintiff to take a judgment by default. After judgment by default, he could put in no plea until that interlocutory order was rescinded; and by the rules and practice of our Courts, that order could be set aside upon no other terms than pleading issuably ; but no issuable plea would reach this question, because it was a mere matter of form, and not of substance.
It can scarcely be said, that this Act gave any new right or even a new remedy; because the party had a right, before, to sue in the name of the original payee. It only prescribes a new form,, or rather modifies the *350 mode of proceeding. And this Court will not permit the justice of a case to be sacrificed to form, unless the inflexible rules of law require it. The decision of the Court below, on this motion, must, therefore, be reversed.
Davis, Solicitor, for the motion. Earle, contra.
On the other question, the Court entertain a different opinion. In the affidavit, the plaintiff states a debt due to him in his own right. In the declaration, he sets out a debt due to him as assignee. A security *is always entitled to know the extent of his undertaking. If the affidavit had shown what was afterwards diclosed in. the declaration, the bail might not have consented to sign the bond.
.The decision of the Court below, on this motion, is, therefore, affirmed.
Gantt and Richardson, JJ., concurred.
Johnson, J., dissented.

 5 Stat. 330.

 Ante, 259; 2 McC. 455.

 1769, 7 Stat. 204, § 20.